ORIGINAL

# In the United States Court of Federal Claims

*Pro Se*

**FILED**

|  |  |
|---|---|
| VICTOR C. FOURSTAR, JR., et al., | ) No. 18-405C<br>) (Filed: May 9, 2018)<br>) |
| Plaintiffs, | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| Defendant. | ) |
|  | ) |

**MAY - 9 2018**

U.S. COURT OF
FEDERAL CLAIMS

## ORDER

In this pro se case, Victor C. Fourstar, Jr. and Judy Rae Redboy filed a complaint alleging violations by the federal government of its fiduciary responsibilities over Native American lands and other resources. Compl., Docket No. 1. Plaintiffs did not pay the court's mandatory filing fee; instead, Mr. Fourstar filed a motion for leave to proceed in forma pauperis. Docket No. 5. On April 3, 2018, the Court denied Mr. Fourstar's motion, finding that Mr. Fourstar is barred from proceeding in forma pauperis by the three-strike rule of 28 U.S.C. § 1915(g), and that, for a number of reasons, he failed to meet the statute's exception based upon imminent danger of serious physical injury. Order, Docket No. 7. The Court thus ordered Plaintiffs to pay the filing fee by May 3, 2018. Id. at 3.

On April 16, 2018, Plaintiffs filed a "Motion for Interlocutory Appeal." Docket No. 9. The Court construed that motion as one for both reconsideration of its April 3 decision and as a motion for interlocutory appeal, and denied both. Order, Docket No. 10. Now, in a further attempt to proceed without paying the filing fee, Mr. Fourstar has filed an "Affidavit in Support of Imminent Danger of Serious Physical Injury," in which he again "requests permission to proceed in forma pauperis." Docket No. 11. Whether the Court treats Mr. Fourstar's filing as a second motion for reconsideration or as a new motion for leave to proceed in forma pauperis, it is without merit and **DENIED**.

As discussed more thoroughly in the Court's April 20 Order denying Mr. Fourstar's motion for reconsideration, "[t]he decision whether to grant reconsideration lies largely within the discretion of the . . . court." Yuba Nat. Res., Inc. v. United States, 904 F.2d 1577, 1583 (Fed. Cir. 1990). In his current filing, Mr. Fourstar asserts that "approx. 2-3 weeks ago the Dakota Access Pipeline (DAP) leaked Canada tar-sands oil on the Standing Rock Indian Reservation or thereby," and this now "present[s] a[n] imminent danger of serious physical injury." ECF No. 11 at 1. By this allegation, it is clear that Mr. Fourstar is asserting that he now meets the statutory exception to the three-strike bar.

7017 1450 0000 1346 4858

Mr. Fourstar, however, is currently incarcerated in Wolf Point, Montana. Id. "The Standing Rock Sioux Indian Reservation straddles North and South Dakota and encompasses all of Sioux County in North and all of Corson County, and small parcels in Ziebach and Perkins Counties in South Dakota." Standing Rock Agency, U.S. Dep't of the Interior Bureau of Indian Affairs, https://www.bia.gov/regional-offices/great-plains/north-dakota/standing-rock-agency (last visited May 3, 2018). Mr. Fourstar does not explain how an alleged pipeline leak in another state is causing him imminent danger of serious physical injury. The Court concludes that this does not demonstrate such imminent danger. Therefore Mr. Fourstar's motion is **DENIED**, as he is barred from proceeding in forma pauperis for the reasons set forth in the Court's April 3, 2018 Order.

Moreover, Plaintiffs have failed to pay the mandatory filing fee and it is now passed the Court's May 3 deadline for doing so. Accordingly, pursuant to Rule 41(b) of the Rules of the Court of Federal Claims, the complaint is hereby **DISMISSED** without prejudice for failure to comply with the rules and an order of this Court. The Clerk is directed to enter judgment accordingly. Each side shall bear its own costs.

Finally, Mr. Fourstar is cautioned against further repetitive or frivolous filings. Doing so may result in the issuance of an anti-filing injunction, particularly in light of his prior frivolous litigation history.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge